**In re Cynthia A. CLARK, Debtor.**

**Bankruptcy No. 83–00018.**

United States Bankruptcy Court,
D. Guam.

March 25, 1985.

Russell H. Tansey, Agana, Guam, for debtor.

Ricky Sanchez, pro se.

Ladd A. Baumann, GMF, Guam, for Sam Paik.

## MEMORANDUM DECISION

JON J. CHINEN, Bankruptcy Judge.

The contempt proceedings against Sam S. Paik, Esq., ("Paik") and Ricky Sanchez, Esq., ("Sanchez") were separated and held on two separate days. The hearing for Sanchez was held on November 9, 1983 and the hearing for Paik was held on February 28, 1985. At the hearing for Sanchez, present were Russell H. Tansey, Esq., special counsel for Cynthia Clark ("Debtor") in the contempt proceedings, and Sanchez representing himself. Present as an observer was Paik's attorney, Ladd Bauman, who had just returned to Guam from off-island. At the hearing for Paik, present were J. Cook, substitute counsel for Debtor in the bankruptcy proceeding, R. Tansey, special counsel for Debtor in the contempt proceedings, Paik, one of the respondents, Ladd Bauman, Esq., counsel for Paik, and Timothy Stewart, Esq., the Chapter 13 Trustee. Based upon the evidence presented, the records in the file and arguments of counsel, the Court finds as follows:

## FINDINGS OF FACT

On April 13, 1983, a Motion for Injunction Relief, together with a Memorandum in Support of Request for Preliminary Injunction, and a Complaint were filed in the Superior Court of Guam in Civil Case No. 273–83, Milton O. Wilson and Beverly H. Wilson v. Cynthia Clark, et al. All of the documents were executed by Paik as attorney for Mr. and Mrs. Wilson. The Superior Court set May 3, 1983 at 9:00 a.m. for the hearing on the Motion for Injunction.

On May 2, 1983 at 4:22 p.m., Tansey, on behalf of Debtor, filed a Petition for Relief under Chapter 13 in the Bankruptcy Court of the District of Guam. Then, at 4:40 p.m., a Notice of Filing Petition in Bankruptcy, and a Notice of Filing Petition were served by the then legal secretary of Tansey upon the legal secretary of Paik at Paik's office. The first notice was addressed to "Clerk of Court (of the Superior Court) and All Parties and their Counsel of Record", and the second notice was addressed to "Creditors of the Above-Named Debtor, Attorneys for Said Creditors and Marshall, Superior Court of the Territory of Guam".

On May 3, 1983, in Civil Case No. 273–83, in the Superior Court of Guam, both Paik and Sanchez appeared on behalf of Mr. and Mrs. Wilson. No one appeared on behalf of Debtor. Paik addressed the Court at the start of the hearing and stated, "My associate counsel, Mr. Sanchez, will argue the case, your honor."

After Mr. Sanchez argued that the automatic stay did not apply in the particular case because Mr. and Mrs. Wilson were merely trying to prevent the Debtor from receiving the rent and dissipating same,

Paik actively joined in the argument in an effort to convince the Superior Court that it should issue an injunction to prevent the rent from being paid over to the Debtor.

The Superior Court expressed concern over the matter of jurisdiction because of the Notice of the Stay. The Court stated: "I'm going to study this, continued till tomorrow at nine o'clock."

On May 3, 1983, following the morning hearing in the Superior Court, at 3:10 p.m., the then legal secretary of Tansey served upon the legal secretary of Paik a letter dated May 3, 1983 addressed to Paik and Sanchez, in which Tansey stated that he was preparing documents to hold Paik and Sanchez in contempt, especially if they continued to pursue the action in the Superior Court for injunctive relief.

On May 4, 1983, at the outset of the hearing, Sanchez appeared on behalf of Mr. and Mrs. Wilson and Tansey appeared on behalf of Debtor. Sanchez acknowledged receipt of the letter dated May 3, 1983 from Tansey, which was forwarded to him that morning. During the course of arguments by Tansey and Sanchez, Paik who was handling another case in another court, appeared at the hearing and sat at counsel's table next to Sanchez, but did not argue. After arguments of counsel, the Court stated: "The Court orders the proceeding stayed pending bankruptcy disposition."

On July 6, 1983, Tansey filed a Motion for Issuance of Order to Show Cause and for Contempt Judgment against both Paik and Sanchez for attempting to proceed with the Motion for Injunctive relief in the Superior Court. Because Sanchez was leaving Guam and because Paik's counsel, L. Bauman, was off-island, at Sanchez' request for an early hearing, the cases were separated as above-mentioned.

The primary defense of both Paik and Sanchez is that they should not be found guilty of contempt for the reason that their violation of the stay order, if any, was not intentional and that they were seeking to prevent the dissipation of the assets of the Debtor by denying Debtor access to the rents from a dwelling that was being rented by Debtor to a third party.

At the hearing on November 9, 1983, Sanchez, who testified on his own behalf, claimed that the injunctive proceeding in the Superior Court was merely to preserve the status quo. However, on examination by the Court, Sanchez acknowledged that the proceeding against Debtor was brought to collect debts which had been incurred prior to the filing of Debtor's petition in the Bankruptcy Court. It is also uncontroverted that, in 1983, Sanchez was an employee of Paik, that he was a recent law school graduate and was admitted to the bar of Guam only shortly prior to April, 1983.

## CONCLUSIONS OF LAW

Section 362(a) of 11 U.S.C. provides as follows:

§ 362. Automatic Stay.

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of—

(1) the commencement of continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

■ The Complaint for Injunctive Relief having been filed prior to the filing of the Petition for Relief in the Bankruptcy Court, it is undisputed that filing of such complaint does not violate any automatic stay. Also, because the May 3, 1983 hearing had been scheduled in April of 1983 by the Superior Court of Guam, it was incumbent upon Paik and Sanchez to at least appear in the Superior Court on May 3. However, for Paik and Sanchez to proceed on May 3 to seek the injunctive relief, after being notified of the filing of the Petition in the Bankruptcy Court, is a violation of the automatic stay, especially where the real purpose of the action in the Superior Court was to force Debtor to pay Mr. and Mrs. Wilson their pre-petition debts.

Instead of researching the matter on the effect of the automatic stay, Paik relied on his employee, Sanchez, a young recent law school graduate, who had informed him that the stay did not apply and Paik made no effort to suspend the action for injunction relief pending the bankruptcy proceeding. On the contrary, Paik actively participated at the May 3rd hearing, and at the May 4th hearing, Paik sat at counsel's table, and permitted Sanchez to argue for the injunctive relief.

■ Where there is uncertainty about an order of the Bankruptcy Court, or applicability of the automatic stay, a creditor should petition the court for clarification. If the creditor does not, he takes a calculated risk of being held in contempt. *In re Pody*, 42 B.R. 570 (Bkrtcy.N.D.Ala.1984).

In the instant case, where both Paik and Sanchez were inexperienced in the field of bankruptcy, in addition to the research by Sanchez, one or the other should have contacted an attorney with expertise in the field of bankruptcy. In failing to do so, they took a calculated risk and violated the automatic stay.

■ And when an individual violates the automatic stay, the bankruptcy court may award damages, costs and attorney's fees to debtor's attorney. *In re O'Connor*, 42 B.R. 390 (Bkrtcy.E.D.Ark.1984).

■ Having found both Paik and Sanchez in violation of the automatic stay, the Court assesses both attorneys' fees and costs incurred by R. Tansey in bringing this Order to Show Cause. Paik and Sanchez are liable jointly and severally for attorney's fees and costs incurred up to and including November 8, 1983, when the contempt proceeding against Sanchez was heard, as follows:

For hearing in the Superior Court in Guam

| Attorney's fees | | $500.00 |
|---|---|---|
| 5 hours @ 80.00 | $400.00 | |
| 1 hour @ $100.00 | $100.00 | |
| | $500.00 | |
| Costs | | $136.50 |
| Duplication of taped proceedings | $ 10.00 | |
| Transcript | $ 40.00 | |
| xerox copies | 44.00 | |
| Witness & mileage fee | 30.00 | |
| Service of subpoena | 12.50 | |
| | $136.50 | |

For hearing in Bankruptcy Court:

| Attorney's Fees | | $630.00 |
|---|---|---|
| 5 hours @ $ 80.00 | $400.00 | |
| 2.3 hours @ $100.00 | $230.00 | |
| | $630.00 | |
| | Total | $1,266.50 |

The Court, at this time, is denying five (5) hours of "research" time (7/11/83, 7/12/83 and 11/08/83) for the November 9, 1983 hearing. The Court is unable to de-

termine from the time-sheet submitted how the "research" was related to the contempt proceeding. Where there is no clear statement as to the nature of the attorney's services and the relation it bears to the issue at hand, compensation may be denied, *In re Tolan*, 41 B.R. 751 (Bkrtcy.M.D.Tenn. 1984).

Tansey is granted 20 days from the date of this order to file a supplemental time-sheet to show the reasons for the time spent on "research". In addition, when Tansey submits his time-sheets for the February 28, 1985 hearing, the Court will issue a supplemental order covering the additional time spent on this matter of contempt proceeding.

Let Judgment be entered accordingly.