58 B.R. 519 (1986)
In the Matter of Vincent Paul LORANDOS, Debtor.
George W. LEDFORD, Chapter 13 Trustee, Plaintiff,
v.
GENERAL MOTORS ACCEPTANCE CORP., Defendant/Third Party Plaintiff,
v.
Vincent Paul LORANDOS, Debtor/Third Party Defendant.
Bankruptcy No. 3-84-02624, Adv. No. 3-85-0029.
United States Bankruptcy Court, S.D. Ohio, W.D.
March 14, 1986.
George W. Ledford, Englewood, Ohio, plaintiff-Chapter 13 trustee.
Daniel A. Nagle, Kettering, Ohio, for defendant, third party plaintiff.
Charles B. Fox, Dayton, Ohio, for debtor, Fox & Assoc. Co., L.P.A.
DECISION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION TO DISMISS
THOMAS F. WALDRON, Bankruptcy Judge.
This is a case arising under 28 U.S.C. § 1334(a) and having been referred to this court is determined to be a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F) and (K), in which the plaintiff, Chapter 13 Trustee, *520 seeks to avoid as a preference the security interest granted to the defendant, General Motors Acceptance Corp. (hereinafter GMAC), in the debtor's automobile and to determine the validity, extent and priority of the defendant's lien on the automobile. This matter is before the court on plaintiff's complaint and motion for summary judgment; defendant's answer and counterclaim against the plaintiff and third party complaint against the debtor; the joint stipulations of the parties; the transcript from the hearing on Relief from Stay held November 7, 1985, which all parties agreed would be considered by the court in connection with this issue; the answer of the debtor/third party defendant to "answer, counterclaim against the plaintiff and third party complaint against the debtor" of defendant/third party plaintiff GMAC; the defendant's motion to dismiss the trustee's complaint; and the various memoranda of the parties.
The facts have been stipulated as follows:
1. On September 27, 1984, Vincent Paul Lorandos, the debtor, entered into a retail installment sales contract (the security agreement) with GMAC, the defendant, under which GMAC lent the debtor the money to purchase a used 1982 Buick Century automobile and the debtor granted the defendant a security interest in that automobile.
2. On September 27, 1984, the debtor took physical possession of the automobile.
3. On October 25, 1984, a Certificate of Title was issued to the debtor; the defendant's lien was noted thereon that same day.
4. On November 28, 1984, the debtor filed a Chapter 13 petition in bankruptcy.
5. On November 28, 1984, the value of the automobile was $6,575.00; the net claim owed to the defendant as of that date was $8,513.88  the defendant having an unsecured claim for $1,938.88.
The plaintiff asserts that all the elements of a preference under 11 U.S.C. § 547 have been established, and as a consequence the defendant no longer has a secured claim  its entire claim being unsecured. The defendant asserts in its answer and subsequent motion that the action be dismissed for failure to state a claim upon which relief can be granted [Fed.R.Civ.P. 12(b)(6)]. Further, to the extent that matters outside the pleading have been presented by the parties and not excluded by the court after reasonable opportunity to present all material made pertinent to such motion by Fed.R.Civ.P. 56 was provided to all parties pursuant to Pre-Trial Order # 1 entered November 8, 1985, the court treats the motion to dismiss as a motion for summary judgment since this issue has been joined, argued and briefed by the parties and it is apparent from the various pleadings that GMAC had sufficient notice of the substance of the complaint, Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Westlake v Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Omaha National Bank v. T & T Parts Warehouse, Inc. (In re T & T Parts Warehouse, Inc.), 39 B.R. 399, 400 (Bankr. W.D.Mi.1984), and the defendant's constant position, though set forth in different words in various pleadings and memoranda, is that GMAC has a properly perfected security interest not subject to attack as a preference and therefore not an unsecured claim. For the reasons set forth in this decision, the court denies the motion of the defendant as either a motion to dismiss or a motion for summary judgment.
Additional arguments by the defendant presented in the form of a counterclaim, a third party complaint against the debtor, and a failure to join a necessary party under Fed.R.Civ.P. 19 (although unidentified, the court presumes the defendant sought to join the debtor, who is presently a party in this proceeding), are more properly the subject of objections to be raised at the confirmation hearing, and if refiled will be heard at that time.
Based on all the evidence and arguments presented in connection with the pending motions the court finds there are no genuine issues of material fact, Fed.R.Civ.P. 56(c). The legal issue presently before the *521 court is whether the transfer of the security interest to GMAC constitutes a preference that can be avoided by the trustee under 11 U.S.C. § 547(b). In order for a transfer to be found preferential, the plaintiff must establish by a preponderance of the evidence the following elements:
(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property 
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made 
(A) on or within 90 days before the date of the filing of the petition; or
. . . .
(5) that enables such creditor to receive more than such creditor would receive if 
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.
11 U.S.C. § 547(b). Sportfame of Ohio, Inc. v. Wilson Sporting Goods Co. (In re Sportfame of Ohio, Inc.), 40 B.R. 47, 54 (Bankr.N.D.Ohio 1984); Hunter v. S.K. Austin Co. (In re Beck), 25 B.R. 947, 951 (Bankr.N.D.Ohio 1982).
Although the security interest was granted on September 27, 1984, the "transfer" for purposes of the preference statute did not occur until October 25, 1984, when the security interest was perfected. 11 U.S.C. § 547(e)(2)(B).[1] The stipulated facts demonstrate that the transfer was preferential because it: (1) was for the benefit of the defendant-creditor; (2) was made on account of an antecedent debt owed by the debtor before the transfer was made; (3) was made while the debtor was insolvent, relying on the unrebutted presumption of insolvency during the 90 days immediately preceding the filing of the petition, 11 U.S.C. § 547(f); (4) was made within 90 days before the November 28, 1984, filing of the debtor's petition; and (5) enabled the defendant to have a secured claim and thus to receive more than the creditor would have received had the case been under Chapter 7 of Title 11 U.S.C., had the transfer not been made, and had the defendant received payment of the debt under the provisions of Title 11 of the United States Code.
The defendant asserts, however, that the transfer was not preferential, because it was an "enabling loan" and thus fell within the exception provided by 11 U.S.C. § 547(c)(3). GMAC's argument that Ledford v. Society Bank (In re Stump), 51 B.R. 482 (Bankr.S.D.Ohio 1985) is dispositive is not correct. The crucial distinction between In re Stump and the present case is that the petition in bankruptcy in the former case was filed on August 31, 1984, prior to October 8, 1984, the effective date of the Bankruptcy Amendments and Federal Judgeship Act of 1984, and the petition in the case before this court was filed on *522 November 28, 1984, subsequent to that effective date.[2] Prior to the Bankruptcy Amendments and Federal Judgeship Act of 1984, 11 U.S.C. § 547(c)(3) read as follows:
(c) The trustee may not avoid under this section a transfer 
. . . .
(3) of a security interest in property acquired by the debtor 
(A) to the extent such security interest secures new value that was 
(i) given at or after the signing of a security agreement that contains a description of such property as collateral;
(ii) given by or on behalf of the secured party under such agreement;
(iii) given to enable the debtor to acquire such property; and
(iv) in fact used by the debtor to acquire such property; and
(B) that is perfected before 10 days after such security interest attaches;
11 U.S.C. § 547(c)(3) (Supp. V 1981). Following the amendments, however, subsection (B) was changed to: "that is perfected on or before 10 days after the debtor receives possession of such property," 11 U.S.C. § 547(c)(3)(B) (emphasis added). Perfection of a transfer under the preference statute, therefore, is no longer dependent on meeting all the requirements of attachment, but only on the debtor receiving possession of the property subject to the security interest. No legislative history can be found to explain the reasoning behind the change. It has been suggested that it was to comport with Uniform Commercial Code § 9-301(2) which gives a purchase money secured creditor a ten (10) day grace period to file the financing statement, computed from the date the "debtor receives possession of the collateral," to gain priority over a lien creditor whose rights "arise between the time the security interest attaches and the time of filing." See Countryman, The Concept of a Voidable Preference in Bankruptcy, 38 Vand.L. Rev. 713, 780 (1985) and Kaye, Preferences Under the New Bankruptcy Code, 54 Am. Bankr.L.J. 197, 205 (1980) (discussing pitfalls between the U.C.C. and the Bankruptcy Code as a result of the change from the Bankruptcy Act to the Bankruptcy Code in 1978). Another possible reason for the change is to ensure uniformity in the granting of exceptions to the preference statute. As noted in the defendant's memorandum in support of GMAC's motion to dismiss, the time of attachment varies according to state law. For example, in Ohio, attachment does not occur until three events take place:
"(1) The collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral . . .; and
(2) Value has been given; and
(3) The debtor has rights in the collateral."
OHIO REV.CODE ANN. § 1309.14 (Page Supp.1984). But a debtor cannot acquire rights in the case of a motor vehicle until a Certificate of Title is issued. OHIO REV. CODE ANN. § 4505.04 (Page Supp.1985); In re Stump, 51 B.R. at 484 (Bankr.S.D. Ohio 1985). This contrasts with the law in Pennsylvania, where a security interest attaches upon the debtor signing the security agreement, the giving of value by the secured party and the debtor acquiring rights in the collateral which can be accomplished by the debtor taking possession of the automobile. In Pennsylvania, therefore, a debtor does not need to have a Certificate of Title to acquire rights in the collateral, although for the security interest to be perfected, a notation of the lien must be made on the Certificate of Title. Union Bank & Trust Co., Erie v. Baker (In re Tressler), 771 F.2d 791, 793 (3rd Cir.1985).
The absence of cases interpreting the current enactment of 11 U.S.C. § 547(c)(3)(B) may result from the clearer *523 factual test that would in most cases eliminate the need for judicial decision.
The stipulated facts in the case before this court are that the debtor acquired possession of the automobile on September 27, 1984, but that perfection, by notation on the Certificate of Title, did not occur until October 25, 1984, which is more than ten (10) days after the debtor received possession. Accordingly, the defendant cannot rely on the enabling loan exception provided by § 547(c)(3) to prevent the trustee from avoiding the transfer as preferential. The effect of the transfer of the security interest being declared preferential is that the allowed claim of the defendant is totally unsecured. Therefore, instead of a secured claim for $6,574.00 and an unsecured claim for $1,938.88, the defendant has an unsecured claim for $8,513.88. To the extent that any motions pending in this case, including the defendant's motion to dismiss, allege that the defendant holds a secured claim or that the Chapter 13 Trustee cannot avoid the transfer, they are overruled.
As part of its continuing obligation to the parties before it, this court recognizes not only the unique avoidance powers of a bankruptcy trustee under Title 11 of the United States Code, but also the rights of the creditor who is affected by those avoidance powers: GMAC is an otherwise secured party under applicable nonbankruptcy law. Accordingly, while the court GRANTS the plaintiff's motion for summary judgment and determines that the lien of GMAC is AVOIDED under bankruptcy laws, the court directs that the lien of GMAC shall not be cancelled of record except by a separate order of this court upon application made by an appropriate party under the provisions of a confirmed Chapter 13 plan in this case.
The court determines that since there are a multitude of duplicative motions addressed to matters which, at a minimum, have been decided, have become moot, or will no longer be relevant as a result of present or proposed modifications of the debtor's plan, all pending motions are DENIED except as granted in this decision and must be separately refiled and briefed within the time limits provided for objections to any proposed modified plan of the debtor.
The debtor is ORDERED to file within thirty (30) days of this decision a MODIFIED PLAN reflecting the avoidance of GMAC's lien or this case will be dismissed.
An order in accordance with this decision is entered herewith.
NOTES
[1] (e)(1) For the purposes of this section 

. . . .
(B) a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.
(2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made 
(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;
(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or
(C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of 
(i) the commencement of the case; or
(ii) 10 days after such transfer takes effect between the transferor and the transferee.
(3) For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.
[2] "Except as otherwise provided in this section the amendments made by this title shall become effective to cases filed 90 days after the date of enactment of this Act." [i.e., 90 days after July 10, 1984]. Bankruptcy Amendments and Federal Judgeship Act of 1984, § 553(a), 98 Stat. 333 (1984).