**In the Matter of Mary Louise CLARK, Debtor.**

**Bankruptcy No. B85–01104–Y.**

United States Bankruptcy Court, N.D. Ohio.

April 7, 1986.

Jacob Abramovitz, Youngstown, Ohio, for debtor.

Robert F. Burkey, Warren, Ohio, for Trumbull School Employees Credit Union.

## MEMORANDUM OPINION

WILLIAM T. BODOH, Bankruptcy Judge.

This matter came on for consideration upon the objection of Debtor, MARY LOUISE CLARK, to the claim of Creditor, TRUMBULL SCHOOL EMPLOYEES CREDIT UNION, filed on February 10, 1986, in these Chapter 13 proceedings. A hearing was held on March 13, 1986, at which time counsel for Debtor and counsel for Creditor appeared. The parties have submitted the matter to the Court for a determination on the issue of whether Creditor should be entitled to be paid for certain costs arising from the post-petition repossession of its security from Debtor.

The facts which gave rise to Debtor's objection are as follows:

1. Debtor filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on November 27, 1985. Her plan proposed to pay creditors 100 percent (100%) of their claims. Creditor was listed in the schedules as a secured creditor holding a lien on a certain 1979 Monte Carlo automobile. However, Credit Union's address was not included in the schedules and, as a result, it received no notice from the Court of the filing.

2. On November 28, 1985, Credit Union repossessed the vehicle. Credit Union had ordered the repossession approximately one week before the fil-

ing, but the repossessing agent did not pick up the car until November 28, one day after Debtor filed her Chapter 13 Petition. Upon repossession, Debtor contacted her attorney, who in turn contacted the Credit Union. Counsel for Debtor informed an employee of Credit Union that Debtor had filed a Chapter 13 petition and that the repossession had violated the automatic stay of 11 U.S.C. Sec. 362. Credit Union refused to return the vehicle to Debtor.

3. On December 23, 1985, counsel for Debtor filed a Motion for an Order requiring Credit Union to appear and show cause why it should not be held in contempt for violating 11 U.S.C. Sec. 362. A hearing was held on January 7, 1986. At that time, it was determined that Credit Union had not known of Debtor's filing at the time of repossession but that it was, nonetheless, required to return the vehicle to Debtor. No Order of Contempt was issued.

4. On February 10, 1986, Credit Union filed its Proof of Claim in the amount of Three Thousand, Nine Hundred Twelve & 69/100 Dollars ($3,912.69), which amount included Three Thousand, Five Hundred Ninety & 69/100 Dollars ($3,590.69) due on the note to Credit Union and Three Hundred Twenty-Two & 00/100 Dollars ($322.00) in repossession costs and storage charges relating to the November 28 repossession of the car. Debtor has objected to the allowance of the Three Hundred Twenty-Two & 00/100 Dollars ($322.00) in repossession and storage charges on the basis that Credit Union should not be entitled to recover costs for actions taken in violation of the Section 362 stay.

 It is well established that acts taken in violation of the automatic stay are void *ab initio*, regardless of whether or not the party so acting had notice of the filing of the bankruptcy petition. *In re Miller*, 22 B.R. 479 (D.Md.1982); *In re Young*, 14 B.R. 809 (Bankr.N.D.Illinois 1981). A creditor who violates the automatic stay has an affirmative duty to return the property and to restore the status quo once it learns its actions violate the stay. *In re Wariner*, 16 B.R. 216 (Bankr.N.D.Texas 1981). A court can award damages for a contemptuous violation of the stay so long as the awards are not punitive but restore the status that existed before the violation. *In re Behm*, 44 B.R. 811 (Bankr.W.D.Wisconsin 1984); *In re Miller, supra*.

In a case where the facts mirror those found in the instant case, the Bankruptcy Court for the Eastern District of Missouri required the repossessing bank to deliver the repossessed vehicle to the debtor and prohibited the bank from recovering its costs of repossession, storage, and redelivery. *In re Tucker*, No. 80–02042(1), Adv. No. 81–0050(1) (Bankr.E.D.Missouri, June 10, 1981). In that case, the Court found that the creditor had no knowledge of the filing at the time it repossessed the vehicle and that although it could not be held in contempt, its actions had clearly violated the automatic stay and that all necessary steps were required to be taken to restore the status quo to the extent possible.

In this case, we likewise hold that the actions of Credit Union were in violation of the automatic stay and that Credit Union had a duty to restore the status quo. Therefore, the part of its claim which requests payment of Three Hundred Twenty-Two & 00/100 Dollars ($322.00) in repossession and storage charges is hereby disallowed.

An appropriate Order will issue.