## In re FORTY–FIVE FIFTY–FIVE, INC.

### Appeal of Ian CHRISTOPHERSON, Debtors.

**Bankruptcy Nos. 89–31469–007, 89–31470–007.**

United States Bankruptcy Court, D. Montana.

March 21, 1990.

---

Ian Christopherson, Missoula, Mont., pro se.

John C. Schulte, Missoula, Mont., for plaintiffs.

Bruce L. Hussey, Missoula, Mont., trustee.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

Hearing was held January 8, 1990, on the Debtors' Motions for Recovery of Damages in accordance with 11 U.S.C. § 362(h) in the above-captioned cases. The Motions are based on identical factual situations and law, so therefore these cases are consolidated for purposes of this decision. The issues have been briefed and this Court deems the matters ripe for decision.

The facts relevant in these cases are fairly simple. On November 3, 1989, the two Debtors filed for relief under the Code.[1] Subsequently, on November 6, 1989, a hearing on a preliminary injunction against both Debtors was held in the Montana Fourth Judicial District Court, Missoula County, in Cause No. 69541/44, (*Nellie Zavarelli and Ermindo Zavarelli v. Ian Christopherson; Michael J. Wamsley; John Zavarelli; Delbert C.F. Ashmore; and Forty–Five Fifty–Five, Inc.*). At the State District Court hearing, counsel for the Plaintiffs (Zavarellis) advised the Court that his secretary had received a phone call from Ian Christopherson advising that Christopherson and Forty–Five Fifty–Five, Inc., had filed Petitions in bankruptcy.[2] Counsel for the Plaintiffs further advised the District Court that he had contacted the Clerk of the Bankruptcy Court's office and been advised that both Debtors had filed Petitions, although he received no details on the filings. Counsel then proceeded to request the District Court to issue the injunction. The District Court issued the injunction which enjoined the Debtor, Ian Christopherson, from "selling, transferring or otherwise disposing of his 465 shares of stock of Forty–Five Fifty–Five, Inc.", during the pendency of the State District

---

1. Ian Christopherson filed under Chapter 7 of title 11, while Forty–Five Fifty–Five, Inc., filed under Chapter 11. The Chapter 11 case was converted to a Chapter 7 case on February 6, 1990.

2. *Stucka v. United States (In re Stucka),* 77 B.R. 777, 781 (Bankr.C.D.Cal.1987) states that oral notice of a bankruptcy filing is sufficient to place a creditor on notice of the pending bankruptcy and thus the provisions of the automatic stay.

Court action. Such injunction was a benefit to the creditor Zavarelli.

After the injunction was issued, the Debtors filed Motions for Recovery of Damages under 11 U.S.C. § 362(h). Section 362(h) of the Code provides:

"(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

The automatic stay provisions of the Bankruptcy Code prohibit "the commencement or continuation ... of a judicial ... action or proceeding against the debtor" and "any act ... to exercise control over property of the estate." 11 U.S.C. §§ 362(a)(1) and (a)(3). In this case, the State District Court action was based on "shares of stock owned by Ian Christopherson in Forty–Five Fifty–Five, Inc." Accordingly, the subject property was irrefutably property of the estate under 11 U.S.C. § 541(a)(1), and was entitled to automatic stay protection.

■■■ To be actionable, a violation of the automatic stay must be "willful". In *In re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989), the term "willful", as used in § 362(h) was addressed and defined:

"This circuit has not defined 'willful' as it is used in subsection (h). A useful definition, which we now adopt, was provided by the bankruptcy court for the district of the District of Columbia:

A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded. *Inslaw, Inc. v. United States (In re Inslaw, Inc.,)*, 83 B.R. 89, 165 (Bankr.D.D.C.1988)."

In this case, the Zavarellis and their counsel knew of the bankruptcy filings and, in spite of such knowledge, continued in the State District Court action to secure an injunction against the Debtors. Such an action is a clear violation of the automatic stay.

■■■ The Zavarellis, together with their counsel, contend that the Debtors' sanction requests are not properly before this Court because Bankruptcy Rule 7001 requires the filing of an adversary proceeding to obtain relief under § 362(h). This Court disagrees. In *In re Zumbrun*, 88 B.R. 250, 252 (9th Cir.BAP 1988) the Court addressed this issue stating:

" * * * Although not clearly argued, the appellant appears to assert that a request for sanctions pursuant to section 362(h) must be brought as an adversary proceeding in which a summons and complaint is filed and served. However, the appellant cites no authority for this proposition.

Bankruptcy Rule 7001 sets forth ten proceedings which are to be filed as an adversary proceeding. A sanctions request for willful violation of the automatic stay is not included within the Rule nor can it be logically implied within Bankruptcy Rule 7001 proceedings. On the other hand, the debtor argues that the underlying proceeding involved a contested matter pursuant to Bankruptcy Rule 9014.

Although not expressly set forth, the appellant's argument seems to be that due process requirements are not satisfied if the matter is considered a contested matter (where the relief shall be requested by motion), as compared to an adversary proceeding (where the relief is sought through a summons and complaint). The appellant's argument has no basis, however, in light of Bankruptcy Rule 9014's clear requirements that the fundamental requisites of due process must be satisfied in a contested matter in the same manner as in an adversary proceeding. Bankruptcy Rule 9014 requires that '[t]he motion shall be served in the manner provided for service of a summons and complaint by Rule 7004....' Thus, the same due process requirements

are applicable to both Bankruptcy Rules 7004 and 9014."

Accordingly, this Court finds that the Motion for damages under § 362(h) is properly before the Court under Bankruptcy Rule 9014.

▌ The Zavarellis and counsel further contend that the injunction which was issued pursuant to the November 6, 1989, hearing did not cause injury to the Debtors and that no actual damages were incurred. It is clear from the record the Debtors suffered an "injury" by having to respond to the injunction request and then protect Debtors' rights granted under § 362 by filing the subject Motions to enforce the provisions of the automatic stay. As a preface to the damage issue, it is necessary to recognize that the purpose of the automatic stay of Section 362(a) is to give the Debtor a breathing spell from creditors, and to prevent creditors from pushing in to enforce their liens to the detriments of other creditors. *In re Ahlers,* 794 F.2d 388, 393 (8th Cir.1986), *rev'd on other grounds sub. nom. Northwest Bank Worthington v. Ahlers,* 485 U.S. 197, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988). Moreover, the term "exercise control over property of the estate" as used in § 362(a)(3) is to prevent the dismemberment of the estate and assure orderly distribution of the assets. *In re Continental Air Lines, Inc. v. Hillblom,* 61 B.R. 758, 776, 779 (S.D.Tex.1986). Finally, *Scrima v. John Devries Agency, Inc.,* 103 B.R. 128, 132 (D.W.D.Mich.1989) holds:

"The scope of the automatic stay is extremely broad and prohibits a wide range of creditor activity including 'any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.' 11 U.S.C. § 362(a)(3). Any action violating the automatic stay is void, *even without notice. Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *Mueller v. Nugent,* 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405 (1901); *In re Smith Corset Shops, Inc.,* 696 F.2d 971 (1st Cir.1982)."

On the damage issue, the following holding of *In re Armstrong,* 96 B.R. 55, 57 (Bankr.E.D.N.C.1989) is applicable to the present case:

" * * * It has been held that a violation of the automatic stay is willful where the creditor knows of the debtor's bankruptcy and intentionally engages in acts later found to violate the stay. *In re Inslaw, Inc.,* 83 B.R. 89, 165 (Bankr.D.D.C.1988). If a creditor is uncertain about the scope of the automatic stay, he takes the risk of being assessed for damages if he fails to obtain clarification from the bankruptcy court. *In re Outlaw,* 66 B.R. 413, 419 (Bankr.E.D.N.C.1986)."

It is further well-settled "[T]he relief provided for willful violation of the stay under 11 U.S.C. § 362(h) is mandatory" since § 362(h) supplements but does not replace the pre-existing remedy of civil contempt. *In re Lile,* 103 B.R. 830, 836 (Bankr.S.D. Tex.1989). Thus, when a party acts with knowledge of a pending bankruptcy, a violation of the stay is considered willful and damages must be assessed, *Id.* at 836, for "[T]he creditor takes the risk of being assessed for damages if he fails to obtain clarification from the bankruptcy court." *Id.* at 837, citing *In re Clark,* 49 B.R. 704, 707 (Bankr.D.Guam 1985); and *In re Pody,* 42 B.R. 570, 573–574 (Bankr.N.D.Ala.1984). *Lile,* supra, at 841 further states that where a Debtor is forced to resort to the courts to enforce his right, attorney's fees should be awarded to the Debtor under § 362(h). *See also, In re Price,* 103 B.R. 989 (Bankr.N.D.Ill.1989).

The Debtors assert that the violation of the stay has resulted in attorney's fees in this case of $700.00, travel costs of $300.00, and attorney's fees in the State District Court action of $300.00. The Zavarellis and counsel assert since the Debtors are represented pro per and the Debtors' scheduled § 341 Meetings were held the next day, no attorney's fees or costs should be awarded. Christopherson is a licensed attorney, and the fact he is appearing pro per should not be used by the violating creditor to its advantage. Review of the record shows that the Debtors were required to be in Missoula, Montana on Janu-

ary 9, 1990 to attend their § 341 Meetings. As such, no additional travel costs were incurred for attendance at the January 8, 1990 hearing. Further review shows that the Debtors are represented by Ian Christopherson, pro per.[3] Mr. Christopherson's schedules show that he earns no gross wages. The record does not reflect the amount of fees incurred in the District Court action. Nevertheless, an award of attorney's fees is justified based on the obvious willful violation of the stay. A reasonable fee of $300.00 is fixed as damages for appearance on the Motion to enforce the stay. Further, the record does reflect that the Debtors were required to be present in Missoula, Montana an additional day to attend hearing on the subject Motions. Accordingly, the Debtors are entitled to $75.00 for per diem necessitated by the hearings.[4] I find no basis in the record from the evidence for the award of punitive damages since the creditor did not seize and hold Debtor's property to its damage. *Lile*, supra.

IT IS ORDERED that the Debtors' Motions for Recovery of Damages in accordance with 11 U.S.C. § 362(h) are granted to the extent of $375.00 and said sum shall be paid to Ian Christopherson within 5 days of this Order.

---

3. Christopherson's schedules show that Donald MacDonald, esq., has agreed to represent the Debtors on an "as needed" basis. No Affidavit was filed by Mr. MacDonald. Accordingly, this Court assumes that Mr. MacDonald did not represent the Debtors in this matter.

4. Christopherson testified at hearing that food and lodging of $75.00 had been incurred due to the Motions.