**In re Jeffrey L. ROUSH, Regina M. Roush, Debtors.**

**Bankruptcy No. 2–83–01014.**

United States Bankruptcy Court, S.D. Ohio, E.D.

May 13, 1988.

Stephen E. Schafer, Columbus, Ohio, for debtors.

James C. Lewis III, Bank One, Columbus, NA, Weltman, Weinberg & Associates Co., Columbus, Ohio, for Bank One.

## ORDER ON MOTION FOR CONTEMPT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon a motion filed on behalf of Jeffrey and Regina Roush, requesting this Court to cite Bank One, Columbus, NA ("Bank One") for contempt. The motion was opposed by Bank One and was heard by the Court.

■ The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O). Further, the Court specifically finds that it has power, pursuant to 11 U.S.C. § 105, to hear and determine a request for civil contempt ema-

nating from the violation of one of its orders in a core proceeding. *In re Haddad*, 68 B.R. 944 (Bankr.D.Mass.1987); *In re Miller*, 81 B.R. 669 (Bankr.M.D.Fla.1988).

Jeffrey and Regina Roush filed a petition under the provisions of Chapter 7 of the Bankruptcy Code on March 31, 1983. Among the obligations shown in the debtors' schedules was a debt to Bank One in the amount of $6,805.80, secured by a first mortgage against a parcel of real property in a recreational development located near Howard, Ohio. Bank One filed a claim against the estate for that obligation.

On May 31, 1983 the debtors received their discharge in bankruptcy and, following the Court's approval of the trustee's final report of no assets, the case was closed on June 8, 1983. In April 1984, the real property securing Bank One's debt was transferred from the debtors to Bank One by quit-claim deed. The amount of the debtors' obligation to Bank One in excess of the value of the transferred property was discharged by the bankruptcy.

On December 10, 1987 the debtors requested the Court to reopen their case so that this post-discharge dispute with Bank One could be heard. That reopening was opposed.

Despite the effect of the discharge, on August 13, 1987 the debtors received a letter from the law offices of Weltman, Weinberg & Associates Co., L.P.A. ("Weltman"). Weltman, purporting to be acting on behalf of Bank One, sought to collect from the debtors a balance of $9,127.59 asserted as owing to Bank One. That letter gave the debtors thirty (30) days to dispute the validity of the debt before the collection process would continue. Jeffrey Roush notified Weltman by telephone that the obligation had been discharged in bankruptcy and no further collection efforts were made. The debtors were never notified that such actions had ceased, however, and Jeffrey Roush testified that the tenor of his telephone call with Weltman was threatening enough that he felt compelled to consult his attorney for assistance.

Bank One's attempt to collect a discharged obligation, through its agent, in violation of the order issued from the Court on May 31, 1983 specifically enjoining such actions, is the basis for this requested contempt citation. Bank One has not denied receiving the discharge order.

In defense of its actions, Bank One indicated that it did not knowingly attempt to collect a discharged obligation. The Bank's representative indicated that Weltman had been instructed to verify the absence of such a defense prior to taking any action on the overdue accounts sent it for collection. Bank One further asserted that any violation of the discharge injunction which resulted from its agent's actions was unintentional and caused no damage to the debtors.

■ It was obvious to the Court from the testimony of Bank One's personnel that procedures in effect at the time these debtors were discharged in 1983 were seriously inadequate for the prevention of future attempted collection efforts of discharged obligations. Most of the testimony related to procedures instituted by Bank One to identify bankruptcy filings upon receipt of the initial notice and prevent legally inappropriate actions. Such procedures were not in existence at the time this case was filed, however. While the violation which occurred was not specifically intended to harm the debtor, its prevention was exclusively within Bank One's control. It chose or failed to provide adequate safeguards to prevent such violation. Procedures adopted since that time are not relevant to the issue of Bank One's culpability for prior actions.

■ It has been said that a party's behavior is willful if it has knowledge or notice of sufficient facts "to cause a reasonably prudent person to make additional inquiry to determine whether a bankruptcy petition has been filed" and such party fails to make such inquiry. *In re Stucka*, 77 B.R. 777, 783 (Bankr.C.D.Cal.1987). It is not specific ill or malice toward the debtors which must be shown, but rather only intent by Bank One to refer the debtors' obligation for collection without justifica-

tion for that action. *Augustino Enterprises, Inc. v. Amgro, Inc. (In re Augusto Enterprises, Inc.)*, 13 B.R. 210 (Bankr.D. Mass.1981). Where willfulness is found and civil contempt results, costs associated with forcing compliance with the bankruptcy laws, including attorney fees, should be assessed to the offending creditor. *Haddad*, 68 B.R. at 954.

The Court finds that Bank One, through its agent, violated the injunctive provisions of 11 U.S.C. § 524 and this Court's order of May 31, 1983. The Court further finds that the burden of establishing procedures adequate to minimize or eliminate this problem was upon the creditor. That burden was not met in this case. The establishment of appropriate safeguards at a later time, while commendable, does not change the result in this case. Therefore, despite Bank One's assertions that the problem easily could have been, and was, cured by a telephone call to it from the debtors or their attorney, and that it would be inappropriate to award attorney fees to these debtors for pursuing the matter through the court system, the Court finds such argument to be without merit. An offending creditor cannot dictate the method debtors must use to pursue rights granted by law, especially when the creditor's stated position permits it to continue to violate the discharge injunction and to force debtors, sometimes at their own expense, to take affirmative actions to stop the violations. The equities simply are not on the creditor's side in that argument.

To eliminate a multiplicity of such actions and to attempt to resolve violations of the discharge injunction at a minimum expense to both parties, the Court hereby orders the following settlement procedures to be followed prior to granting a hearing on a contempt motion related to alleged violations of the discharge injunction:

■ (1) First, debtors must request their attorney to communicate directly with the creditor prior to filing a motion seeking to hold a party in contempt for violation of 11 U.S.C. § 524.

(2) If the communication succeeds and the contemptuous behavior ceases, debtors' attorneys may request an award of attorney fees sufficient to compensate them for the time required for the communication and for preparation of the application and order allowing the fee award. It is anticipated that such efforts should require no more than one to one and a half hours of an attorney's time.

■ (3) If the communication is unsuccessful, debtors' attorneys must document their efforts to achieve compliance by affidavit filed with the Court at the time a request is made for hearing on a motion seeking to cite the creditor for contempt. If the contempt motion is sustained, debtors will be awarded their attorney fees, any actual damages caused by the creditor's action or the need to appear in Court, and additional compensation for emotional distress in appropriate circumstances.

Based on the foregoing, the Court finds that Bank One violated the injunctive provisions of the discharge order despite its knowledge of the effect of the debtors' discharge upon their obligation to Bank One. For such violation, debtor Jeffrey Roush, who is currently unemployed, will be compensated for actual damages in the amount of $21.50, representing costs of transportation for attending both the hearing and a deposition noticed by Bank One.

Upon application to the Court with supporting documentation, the debtors' attorney will also be awarded a reasonable attorney's fee for his services in this matter. That application must be served upon Bank One with an appropriate response period for any objection. In preparing that application the attorney should consider which services were specifically for the benefit of these debtors and which served to further his representation of debtors generally.

IT IS SO ORDERED.