In re HARBOUR OAKS DEVELOPMENT CORPORATION, a Florida corporation, Debtor.

Harbour Oaks Development Corporation, a Florida corporation, Steven Baker and Pamela Baker, Plaintiffs,

v.

Southtrust Bank, N.A., f/k/a Southtrust Bank of Southwest Florida, N.A., f/k/a Community Bank of Charlotte, Defendant.

Bankruptcy No. 94–00474–9P1.
Adversary No. 98–149.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Jan. 6, 1999.

---

See also 224 B.R. 228.

James Kaywell, Punta Gorda, FL, Wanda Anthony, Tampa, FL, for Plaintiffs.

Darol H.M. Carr, Port Charlotte, FL, for Defendant.

## ORDER ON PLAINTIFFS, HARBOUR OAKS DEVELOPMENT CORPORATION AND STEVEN AND PAMELA BAKER'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case and the matter under consideration is Plaintiffs, Harbour Oaks Development Corporation and Steven and Pamela Baker's Motion for Partial Summary Judgment, filed in the above-captioned Adversary Proceeding. The facts relevant to the resolution of this Motion as they appear in the record are as follows:

Harbour Oaks Development Corporation (Harbour Oaks), Steven Baker and Pamela

Baker (Bakers)(collectively "the Plaintiffs"), along with Therese Slattery and William Slattery (Slatterys), executed and delivered a promissory note (Note) to Southtrust Bank, N.A., f/k/a Southtrust Bank of Southwest Florida, N.A., f/k/a Community Bank of Charlotte (Community Bank). The obligation, represented by the Note, was secured by a first and a second mortgage (collectively "Mortgage") on real property owned by Harbour Oaks. The Note and Mortgage were modified twice. On or about November 15, 1993, Harbour Oaks defaulted and ultimately, Community Bank accelerated the amounts due under the Note.

On January 14, 1994, Harbour Oaks filed for relief under Chapter 11 of the Bankruptcy Code. On or about March 1, 1994, Community Bank filed a Proof of Claim asserting a secured claim in the amount of $234,594.87 plus interest, costs and attorney's fees. In the Debtor's Amended Plan of Reorganization (Amended Plan), Community Bank was classified as an unimpaired, Class 5, secured claimant holding a mortgage and security interest in certain real property. The Amended Plan proposed to treat Community Bank's secured claim as follows:

> The real property upon which Community Bank holds a first mortgage shall be transferred to Community Bank or to any other entity holding the note and mortgage in full and complete satisfaction of its lien. Title shall transfer free and clear of all liens.

Community Bank did not object to its treatment under the Amended Plan and on November 30, 1994, this Court entered an Order Confirming Debtor's Amended Plan of Reorganization, As Modified (Confirmation Order). The modifications did not affect Class 5 claimants.

On October 31, 1994, prior to confirmation of the Amended Plan, this Court entered an Order granting Community Bank relief from the automatic stay to pursue its *in rem* rights against Harbour Oaks. On March 9, 1995, post-confirmation, Community Bank filed an Amended Complaint naming Harbour Oaks as a defendant in the Circuit Court for Charlotte County, Case No. 94–1236–CA (the State Court Action). Thereaf-

ter, in June of 1996, Community Bank filed a Second Amended Complaint entitled, "Suit to Foreclose Mortgage," in the State Court Action naming as defendants the Bakers, Harbour Oaks, and the Slatterys. On or about December 20, 1996, Harbour Oaks, pursuant to the Debtor's Amended Plan and Confirmation Order, executed and delivered to Community Bank a Quitclaim Deed in full satisfaction of Community Bank's secured claim.

On or about July 15, 1997, the Bakers filed a Motion for Summary Judgment or for Dismissal or Abatement for Lack of Jurisdiction in the State Court Action. The Motion turned on the effect of the Confirmation Order on any collection activity against the Bakers by Community Bank. On December 12, 1997, the State Court entered an Order of Referral to Bankruptcy Court and Stay of Proceedings in the State Court Mortgage Foreclosure Action and ruled that the parties were to seek a declaration of rights under the Bankruptcy Code in the Bankruptcy Court. On February 25, 1998, Community Bank filed a Notice of Voluntary Dismissal Without Prejudice of Harbour Oaks in the State Court Action and also filed a copy with this Court. The Slatterys have also been dismissed as defendants in the State Court Action. The Bakers are the only remaining defendants in the State Court Action.

On March 12, 1998, this Court re-opened the general bankruptcy case so that the Plaintiffs could commence an adversary proceeding. On March 19, 1998, the Plaintiffs filed their Complaint for Civil Contempt, Declaratory Judgment, an Injunction, Damages and Other Relief. On May 13, 1998, Community Bank filed its Motion to Dismiss Claims of Non–Debtor Parties in Adversary Proceeding, for Abstention and for Remand. On August 31, 1998, this Court entered an Order, dismissing the Bakers' claims against Community Bank.

On July 2, 1998, the Plaintiffs filed the Motion presently under consideration by this Court. Since the Bakers' claims have been dismissed, this Court will address the Motion as it relates to Harbour Oaks. Harbour Oaks contends that it has been damaged by having to defend against the State Court Action and in addition, prosecute this adversary pro-

ceeding. Harbour Oaks contends that Community Bank is liable for attorney's fees and other litigation related expenses incurred by Harbour Oaks in these law suits.

The Confirmation Order released Community Bank's claim against Harbour Oaks. Thus, the remaining issues for this Court's consideration are: (1) whether Community Bank's post-confirmation prosecution of its State Court Action against Harbour Oaks was in violation of the injunction provided by 11 U.S.C. § 524(a), paragraphs 4 and 5 of the Confirmation Order and the discharge provisions of 11 U.S.C. § 1141; (2) if so, whether Community Bank should be held in civil contempt for those violations; and (3) whether Harbour Oaks should be awarded attorneys' fees and costs.

In its defense, Community Bank filed Affidavits of Darol H.M. Carr. (Doc.# s 12 & 13). Through the Affidavits, Community Bank contends that the Second Amended Complaint filed in the State Court Action inadvertently continued to name Harbour Oaks as a defendant. (Doc. # s 12 & 13). Further, Community Bank contends that at no time since the filing of the Amended Complaint did it take any affirmative action against Harbour Oaks in the form of demand, discovery, motion or otherwise in the State Court Action. (Doc. # s 12 & 13). All pleadings and other activity in the State Court Action have been directed solely and exclusively against the individual defendants. (Doc. # s 12 & 13). Community Bank also contends, through the Affidavits, that Harbour Oaks did not demand its dismissal as a defendant in the State Court Action. (Doc. # s 12 & 13).

 Bankruptcy courts should readily reopen a closed bankruptcy case to ensure that the essential purposes of the discharge are not undermined. *See Perovich v. Humphrey,* 1997 WL 674975, at *4 (N.D.Ill. Oct. 28, 1997). The effect of an order of confirmation is codified in 11 U.S.C. § 1141 which binds the debtor, any entity acquiring property under the plan and any creditor, equity security holder, or general partner in the debtor whether or not such creditor, equity security holder, or general partner has accepted the plan. It also discharges the debt-

or from any debt that arose before the date of confirmation. Once a discharge is issued, 11 U.S.C. § 524 operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived. *See In re Hurricane R.V. Park, Inc.,* 185 B.R. 610, 613 (Bankr.D.Utah 1995).

 All creditors are bound by the court's confirmation order whether or not such creditors have accepted the plan. *See Id.,* 185 B.R. at 614. As a creditor, Community Bank is bound by this Court's Confirmation Order, the provisions of 11 U.S.C. § 1141 and the 11 U.S.C. § 524 injunction. Leave of Court must first be obtained in order to avoid violation of the § 524 injunction. *See Id.*

It is true that § 524 does not expressly allow for damages, costs or attorneys fees, or create a private right of action. This omission does not appear to be accidental considering other sections such as 11 U.S.C. § 362(h) in which Congress expressly provided similar remedies. *See Perovich,* 1997 WL 674975, at *3. However, the law in this area is simply unclear.

Some courts have awarded damages based on § 524. However, most of these bankruptcy courts awarded such damages after finding creditors in civil contempt of their discharge orders. *See Id.* 1997 WL 674975, at *4 citing *In re Walker,* 180 B.R. 834 (Bankr. W.D.La.1995); *Behrens v. Woodhaven Ass'n,* 87 B.R. 971, 976 (Bankr.N.D.Ill.1988), *aff'd by* 1989 WL 47409 (N.D.Ill. Mar.8, 1989); *In re Roush,* 88 B.R. 163 (Bankr.S.D.Ohio 1988).

 Based on the foregoing, this Court is satisfied that Community Bank did, in fact, violate paragraphs 4 and 5 of the Confirmation Order, the provisions of 11 U.S.C. § 1141 and the 11 U.S.C. § 524(a) injunction. Further, this Court is satisfied that these violations warrant the finding that Community Bank is guilty of civil contempt. Albeit, the violations fell short of willful.

This leaves for consideration the proper award to be made, if any, for the damage Harbour Oaks suffered as a result of the violations. This Court is satisfied that the violations warrant the imposition of a civil penalty in favor of Harbour Oaks to compensate it for the damage suffered in the form of legal fees and costs which were incurred while asserting its rights.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Plaintiffs, Harbour Oaks Development Corporation and Steven and Pamela Baker's Motion for Partial Summary Judgment be, and the same is hereby, granted as it relates to Harbour Oaks Development Corporation. A civil penalty in the amount of $800.00 is hereby imposed against Community Bank and in favor of Harbour Oaks. Community Bank has ten days of the date of this Order to pay Harbour Oaks the same.