Keith M. Nathanson, Farmington Hills, MI, for debtor.

**In re Maria McCALL–PRUITT, Debtor.**

No. 02–46358–R.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

July 19, 2002.

*Opinion Regarding Motion for Contempt and Sanctions*

STEVEN W. RHODES, Chief Judge.

The debtor, Maria McCall–Pruitt, filed this motion for contempt and sanctions against Mary Jane Elliott, Mary Jane Elliott, P.C. and North American Capital Co., for violating the automatic stay. The Court concludes that the respondents violated the automatic stay by accepting funds post-petition from the State of Michigan pursuant to a pre-petition garnishment filed against the debtor's income tax refund.

I.

On November 15, 2001, attorney Mary Jane Elliott filed a garnishment with the State of Michigan on behalf of creditor North American Capital Co. against the debtor's income tax refund. On March 1, 2002, the debtor received a notice that a lien had been placed on her income tax

refund. On March 15, 2002, the debtor filed her bankruptcy petition. After the filing of the petition, the respondents received $1,155 of the debtor's income tax refund from the State of Michigan.

The debtor contends that the respondents' failure to release the income tax garnishment upon learning of the bankruptcy petition violated the automatic stay. The debtor further argues that the garnishment was not valid and that the respondents' receipt of the funds constitutes a preferential transfer.

The respondents contend that the income tax garnishment attached to the debtor's income tax refund when it was served on November 15, 2001, 120 days prior to the filing of the bankruptcy. Therefore, the respondents argue, they had a perfected lien on the debtor's income tax refund and are entitled to retain the funds received. The respondents further assert that they did not violate the automatic stay because they did not take any action to collect a debt, but merely accepted the funds from the State of Michigan.

## II.

■ The respondents rely on the case of *Bleau v. First of America Bank–Central* (*In re Arnold*), 132 B.R. 13 (Bankr. E.D.Mich.1991), in support of their position. In *Arnold,* the trustee filed an action to avoid a preferential transfer to the creditor, First of America Bank. The Bank had obtained a judgment against the debtor pre-petition and served a writ of garnishment upon the Michigan Department of Treasury in an effort to collect on its judgment. The State turned the funds over to the Bank. Two weeks later, the debtor filed his chapter 7 petition.

The issue before the court was whether the transfer occurred "on or within 90 days before the date of the filing of the petition" as required under § 547(b)(4)(A).

The trustee argued that for purposes of § 547(b), the transfer occurred on the date the funds were released by the State. The Bank argued that the transfer occurred on the date the writ of garnishment was served, which was more than 90 days before the petition was filed.

The court concluded, relying on § 547(e) and state law, that the Bank perfected its lien upon service of its writ of garnishment, which occurred more than 90 days before the petition was filed. Further, although the actual transfer of the funds occurred within 90 days of the petition, the Bank held a perfected security interest and, therefore, did not receive more than it would have in a chapter 7 liquidation.

The Court concludes that the respondents' reliance on *Arnold* is misplaced. The only issue properly before the Court here is whether the respondents violated the automatic stay. That issue was not before the court in *Arnold* and nothing in the *Arnold* decision can be construed to answer or even address that question. Whether the respondents have a perfected security interest is not relevant to the issue of whether they violated the automatic stay.

■ Section 362(a)(1) stays the commencement or continuation of a judicial proceeding against the debtor. Courts have overwhelmingly and consistently held that a creditor's failure to halt collection proceedings after a petition is filed violates the automatic stay. In *In re Banks,* 253 B.R. 25 (Bankr.E.D.Mich.2000), this Court stated:

Based on [the] language of § 362(a)(1), many courts have emphasized the obligation incumbent upon creditors to take the necessary steps to halt or reverse any pending State Court actions or other collection efforts commenced prior to the filing of a bankruptcy petition, in-

cluding garnishment of wages, repossession of an automobile, foreclosure of a mortgage or a judgment lien and, thereby, maintain, or restore, the status quo as it existed at the time of the filing of the bankruptcy petition.

This responsibility is placed on the creditor and not the debtor ... because "[t]o place the onus on the debtor ... to take affirmative legal steps to recover property seized in violation of the stay would subject the debtor to the financial pressures the automatic stay was designed to temporarily abate, and render the contemplated breathing spell from his creditors illusory."

*Id.* at 30 (quoting *Ledford v. Tiedge (In re Sams)*, 106 B.R. 485, 490 (Bankr.S.D.Ohio 1989)). *See also Sucre v. MIC Leasing Corp. (In re Sucre)*, 226 B.R. 340, 347 (Bankr.S.D.N.Y.1998) ("[U]pon receiving actual notice of the commencement of a bankruptcy case, a creditor has an affirmative duty under § 362 to take the necessary steps to discontinue its collection activities against the debtor."); *Mitchell Const. Co., Inc. v. Smith (In re Smith)*, 180 B.R. 311, 319 (Bankr.N.D.Ga.1995) ("When a creditor receives [notice of the bankruptcy], the burden is then on the creditor to assure that the automatic stay is not violated or, if it has been violated prior to receipt of actual notice, the burden is on the creditor to reverse any such action taken in violation of the stay."); *Mitchell v. Quality Plant Serv., Inc. (In re Mitchell)*, 66 B.R. 73, 75 (Bankr.S.D.Ohio 1986) ("If one is enjoined from continuing a judicial proceeding against the debtor, one is obliged to discontinue it."); *O'Connor v. Methodist Hospital of Jonesboro, Inc. (In re O'Connor)*, 42 B.R. 390, 392 (Bankr. E.D.Ark.1984) ("At whatever stage the garnishment is, the creditor's attorney must do everything he can to halt the proceeding.").

Accordingly, the Court concludes that the respondents had a duty to halt *all* collection proceedings when the debtor filed for bankruptcy protection. Their failure to do so and their acceptance of the funds from the State of Michigan violated the automatic stay, even though they took no further action to enforce the garnishment.

Although the Court would ordinarily order the creditor to return all funds obtained in violation of the automatic stay, that is not appropriate in the present case. In order to preserve the creditor's ability to retain the lien that it asserts, the Court will permit the respondents to retain the funds provided that they seek relief from the automatic stay within 30 days. Otherwise they shall return the garnished funds to the debtor.