**In re Izell SHELL, Debtor.**

**No. 03–33687–WRS.**

United States Bankruptcy Court, M.D. Alabama.

July 30, 2004.

Gary A. Backus, Backus & Gil, LLC, Montgomery, AL, for Debtor.

### MEMORANDUM DECISION

WILLIAM R. SAWYER, Chief Judge.

This Chapter 7 case came before the Court upon the Bankruptcy Administrator's Motion to Examine Debtor's Transactions with Attorney. (Doc. 12). The motion was heard on March 2, 2004, and May 18, 2004. Several submissions of documents and memoranda have been made by the Bankruptcy Administrator and the Debtor's counsel. (Docs. 16, 17, 22).

### I. FACTS

The relevant facts are not in dispute and may be summarized as follows. Montgomery lawyer Gary Backus filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on behalf of the Debtor on December 3, 2003. At the time the petition was filed, Backus filed a disclosure of his compensation as required by 11 U.S.C. § 329(a) and Rule 2016(b), Fed. R. Bankr.P. In that statement, Backus disclosed that he had agreed to accept $900.00 for his services and that none of that amount had been paid prior to the date of the petition, leaving a balance due of $900.00. Also on December 3, 2003, the Debtor delivered five checks to Backus which were post-dated, indicating dates of January 1, 2004; February 1, 2004; March 1, 2004; April 1, 2004, and May 1, 2004. The fact that these post-dated checks were tendered to Backus was not disclosed on the Rule 2016(b) Statement. Shortly after the Bankruptcy Administrator filed the instant motion, Backus amended his Rule 2016(b) Statement, indicating that no fee was to be charged. (Doc. 15).

### II. CONCLUSIONS OF LAW

Bankruptcy Courts may examine transactions between debtors and their lawyers which are connected with the bankruptcy case and which take place after one year before the date of the filing. 11 U.S.C. § 329; Rule 2017, Fed. R. Bankr.P. Three questions are presented here: (1) whether the amended agreement whereby Backus agreed to represent the Debtor without charging a fee renders moot the Bankruptcy Administrator's motion; (2) whether a fee of $900.00 was reasonable under the facts of this case; and (3) whether it is appropriate for a debtor's lawyer to accept post-dated checks in payment of attorney's fees.

### A. Mootness

Backus contends that the Bankruptcy Administrator's motion is moot in light of his later agreement to represent the Debtor for free. Section 329 of the Bankruptcy Code authorizes Bankruptcy Judges to examine transactions between debtors and their lawyers in connection with the case made after one year before

the date of the petition. That an agreement is later modified does not shield an earlier agreement from review. If this were so, lawyers might frustrate review of their transactions with their clients by way of an endless series of amendments. Once an agreement is made, within the scope of § 329 review, the matter is subject to review regardless of whether or not the agreement is subsequently amended. Indeed, the original agreement is always subject to review as are any amendments. In addition, the Court has jurisdiction to examine the Rule 2016(b) disclosure statements filed by Backus, which is incorrect, as he failed to disclose that he took several post-dated checks from his client in payment for attorney fees. Backus' argument that the instant motion has become moot is without merit.

### B.  Excessiveness of fees

■ The Bankruptcy Administrator contends that the fee originally charged is excessive in light of the Debtor's modest circumstances. The Debtor owns a mobile home and land in Union Springs, Alabama, which is valued at $3,000 on the Debtor's schedules. She owns a 1988 Cadillac and has only a modest amount of personal property. The Debtor does not report owing any secured or priority debt. Schedule F, which lists unsecured debt, indicates 10 creditors who are owed approximately $5,500. The Statement of Financial Affairs indicates that one creditor has filed suit to collect its debt. The Debtor's only source of income is a VA pension in the amount of $809 per month.

The Court is familiar with cases under Chapter 7. Cases involving consumer debtors are sufficiently fungible that some gen-

eralizations regarding the services to be performed by a debtor's lawyer may be made. As a general rule, if one assumes that a lawyer has done a thorough job in advising his client and preparing a Chapter 7 filing, a fee of $900.00 in a consumer case is not per se unreasonable.[1]  A client must be interviewed, information gathered, and an analysis of the debtor's financial situation must be made to determine whether a Chapter 7 filing is appropriate. Once it is determined that a Chapter 7 case should be filed, the lawyer must prepare a petition and a complete set of Statements and Schedules. *See*, 11 U.S.C. § 521(1), (2); Rule 4002, Fed. R. Bankr.P., LBR 4002–1. In addition, the lawyer must prepare his client for her appearance at a meeting of creditors and then complete the meeting of creditors. 11 U.S.C. § 341(d). Moreover, there may be inquiries from the Trustee requesting information concerning the debtor or the case or inquiries from creditors as to reaffirmation agreements. As a matter of common courtesy and good practice, notification of a bankruptcy filing should be sent to counsel for opposing parties in any pending or recently terminated civil litigation in which the debtor is a party. Without question, there is a considerable amount of work to be done even in simple Chapter 7 cases.

The Bankruptcy Administrator does not argue that Backus' services in this case were in any way deficient. The Court, having independently reviewed the file in this case, finds that the representation of the Debtor here has been both competent and professional. Therefore, there is no basis to depart downward from a presumptively reasonable $900.00 fee. The Court

---

1. A reasonable attorney's fee for an experienced lawyer who handles consumer bankruptcy matters in this district is $150.00 per hour. On the average, a lawyer should be able to handle a consumer case which does not have any unusual or complex questions in 6.0 hours. This yields a fee of $900.00.

is aware that the Debtor is of modest means, however, the services required in even a simple case such as this justify a fee in this amount. To be sure, the Debtor was free to speak with other lawyers and attempt to find one who would take her case for less. Under the facts of this case, the Court finds that a $900.00 is not excessive.

### C.  Post-dated checks

■ The Bankruptcy Administrator contends that it was improper for Backus to have accepted post-dated checks from his client in payment of his attorney's fees, contending that this practice runs afoul of the Bankruptcy Code. At the time Backus entered into an agreement with his client for representation in this case, a claim for attorney's fees came into existence. At the time the agreement was struck, the Debtor became obligated to pay Backus $900.00 for his services. This obligation is a claim. 11 U.S.C. § 101(5), (12). The Debtor's liability on this claim was subsequently discharged when the Debtor received her Chapter 7 discharge in this case.[2] 11 U.S.C. § 727(b); *see also, Bethea v. Robert J. Adams & Associates, (In re Bethea)*, 352 F.3d 1125 (7th Cir.2003).

■ In the case at bar, Backus did not present any of the post-dated checks for payment. Had he done so prior to entry of the discharge, he would have committed a violation of the automatic stay. 11 U.S.C. § 362(a). Had he waited until after entry of discharge, he would have committed a violation of the discharge injunction. 11 U.S.C. § 524(a)(2). Once a debtor files a petition in bankruptcy, any effort to collect a debt which arose prior to the date of the petition is stayed by operation of law.

11 U.S.C. § 362(a); *In re Briskey*, 258 B.R. 473 (Bankr.M.D.Ala.2001). The use of post-dated checks does not, in any way, circumvent the prohibitions of § 362 of the Bankruptcy Code.

Courts which have examined the practice of taking post-dated checks have reacted in one of two ways. A substantial majority is hostile to this practice, finding that it violates the automatic stay or the discharge injunction. *See, In re Lewis*, 309 B.R. 597, 605–08 (Bankr.N.D.Oklahoma 2004)(taking post-dated check without disclosure violates Rule 2016(b) as well as § 362 and § 524); *In re Newkirk*, 297 B.R. 457, 460–61 (Bankr.W.D.N.C.2002)(negotiating a post-dated check was a violation of the discharge injunction and a fraud on the Court); *In re Haynes*, 216 B.R. 440, 444 (Bankr.D.Col.1997)(to same effect); *In re Symes*, 174 B.R. 114 (Bankr.D. Ariz. 1994)(would allow collection of fees earned postpetition but not those earned for services rendered prior to the date of the petition). At the other end of the spectrum, relying upon the doctrine of necessity, the United States Court of Appeals for the Ninth Circuit found that the bankruptcy system would break down if lawyers could not accept post-dated checks for their fees. *Gordon v. Hines, (In re Hines)*, 147 F.3d 1185 (9th Cir.1998).

■ Relying upon *Hines*, Backus argues that his practice of accepting post-dated checks is proper. The Court is mindful of the practical difficulties faced by lawyers who represent debtors in cases under Chapter 7. Nevertheless, this Court is persuaded that the Seventh Circuit in *Bethea* correctly analyzed the problem. Once a lawyer strikes an agreement with

---

**2.** The Debtor received a Chapter 7 discharge on April 2, 2004. (Doc. 18).

his client, a debt comes into existence. If that debt is not paid prior to the time the petition in bankruptcy is filed, there is nothing in the Bankruptcy Code which prevents its discharge.[3] Attorney's fees are not excepted from discharge pursuant to 11 U.S.C. § 523, nor do attorney's fees receive a priority. 11 U.S.C. § 507. The Ninth Circuit's reliance upon a "doctrine of necessity" in *Hines* to circumvent these inconvenient provisions in the Bankruptcy Code was improper. *Hines* at 1191. As there was no controlling authority in this Circuit on this question, Backus' reliance upon *Hines* may not have been unreasonable. In the future, lawyers who accept post-dated checks from Chapter 7 debtor-clients risk the imposition of sanctions.

## III. CONCLUSION

Once a lawyer files a petition in bankruptcy on behalf of a client, his transactions with his client are subject to the supervision of the Bankruptcy Court in accordance with the provisions of the Bankruptcy Code. Subsequent amendments to the contract between the lawyer and his client or amendments to disclosure statements made pursuant to Bankruptcy Rule 2016(b) do not shield the original disclosure or the original contract from scrutiny. Rather, the amended contract or the amended disclosure likewise become subject to review, as are the original contract and the original disclosure statement. The practice of taking post-dated checks from clients in payment for attorney's fees violates several provisions of the Bankruptcy Code. The failure to disclose the acceptance of a post-dated check is a violation of Bankruptcy Rule 2016(b). Negotiating a post-dated check after the petition in bankruptcy is filed, but before entry of discharge, violates the automatic stay. 11 U.S.C. § 362(a). Negotiation of a post-dated check after entry of discharge violates the discharge injunction. 11 U.S.C. § 524(a). Lawyers who represent debtors in cases under Chapter 7 must be paid prior to the time the petition is filed or their fee is discharged, making any effort to collection the fee after that time unlawful.

---

3. The Court is well aware of the practical problems which arise in this setting. If the client cannot afford to pay the Chapter 7 filing fee and his attorney's fees in full prior to the time the petition is filed, his only alternatives are: (1) a Chapter 13 filing (which requires only a $50 initial installment on the filing fee, with the balance of the filing fee and all of the attorney's fees paid through the Plan), or (2) not filing at all. Bankruptcy judges have long bemoaned the practice of chapter selection based upon attorney fee considerations. If Congress were to create a fee payment device in Chapter 7 cases, such as granting a lawyer a nondischargeable judgment for his fees together with a wage assignment order, the problem of chapter selection based upon fee considerations would be solved. Until Congress acts, the courts are left with the Bankruptcy Code as it is presently written. It is much easier to pay $50 and file a Chapter 13 than it is to pay $1,109 ($900 for attorney's fees and a $209 filing fee) to file a case under Chapter 7. So long as the Bankruptcy Code remains as it is, economics will drive the chapter selection process. The device of using post-dated checks simply runs afoul of the Bankruptcy Code and cannot be permitted.