In the Matter of Daniel ROCHE
and Juliana Roche, Debtors.

Juliana Roche, Plaintiff,

v.

Pep Boys, Inc. f/k/a Pep Auto Supply
Company, a/d/b/a The Pep Boys–Man-
ny, Moe, & Jack, Inc., and Simpson
Law Offices, LLP, Defendants.

Bankruptcy No. 05–63544–MGD.
Adversary No. 05–09040.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Dec. 29, 2005.

Cristina Kaiden, Kaiden & Kaiden, Smyrna, GA, for debtors.

Karen B. Armsby, Georgia Department of Law, Atlanta, GA, Matthew J. Dyer, McCalla Raymer, et al., Roswell, GA, James W. Martin, Simpson Law Offices, LLP, Atlanta, GA, Michael J. McCormick, John D. Schlotter, McCalla, Raymer, Padrick, et al., Roswell, GA, for creditors.

### *ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT*

MARY GRACE DIEHL, Bankruptcy Judge.

This above-referenced adversary proceeding is before the Court on a Motion

for Summary Judgment (Adversary Proceeding Docket No. 19) filed by Pep Boys, Inc., f/k/a Pep Auto Supply Company, a/d/b/a The Pep Boys—Manny, Moe & Jack, Inc. ("Pep Boys") and Simpson Law Offices, LLP ("Simpson"), (collectively referred to as "Defendants") and a Cross Motion for Summary Judgment (A.P. Docket No. 20) filed by Juliana Roche ("Plaintiff"). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O), and the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(1) and 28 U.S.C. § 1334. The Court has reviewed the motions and the entire record in the case and, for the reasons set forth below, hereby **DENIES** Defendants' Motion for Summary Judgment and **GRANTS** Plaintiff's Cross Motion for Summary Judgment.

The principal issue before the Court is to determine whether a judgment creditor and/or its attorney is in willful violation of the automatic stay by staying but not releasing a bank garnishment filed pre-petition, despite repeated requests from the debtor. For the reasons stated herein, the Court finds that Defendant Pep Boys' failure to dismiss the garnishment in conjunction with the failure to seek adequate protection within a reasonable time period, constitutes a willful violation of the automatic stay. Since Plaintiff has not submitted any evidence with respect to damages, that matter will be set for evidentiary hearing.

### FACTS

On May 19, 2003, Pep Boys obtained a judgment against Roche Auto Care, Inc. and Juliana Roche, Guarantor. (*Pep Boys, Inc., f/k/a Pep Auto Supply Company v. Roche Auto Care, Inc. and Juliana Roche, Guarantor*, State Court of Cobb County, Georgia, Civil Action File No. 03–A–1956). In accordance with O.C.G.A. § 18–4–20, a Summons of Garnishment was served upon Lockheed Georgia Employees Federal Credit Union on January 31, 2005. (Case No.2005G 154, State Court of Cobb County).

On February 24, 2005, Plaintiff, and her spouse, Daniel Roche, filed a Chapter 13 case in this Court. On Schedule B, Plaintiff disclosed an interest in a joint checking account with her son at Lockheed Federal Credit Union in Smyrna, Georgia with a value of $497.57. The entire proceeds of the checking account were claimed as exempt pursuant to O.C.G.A. § 44–13–100(6) & (1) on Schedule C of the petition. The balance of the subject account at the time of garnishment was $443.63. When Plaintiff filed for Chapter 13 relief, the garnished funds had not yet been remitted to Pep Boys, but the lien of Pep Boys had attached upon the service of the summons of garnishment. *See* O.C.G.A. § 18–4–20.

On February 25, 2005, the day after the filing of the petition, Christina Kaiden, counsel for Plaintiff, wrote and faxed a letter to both James W. Martin, counsel for Defendants, and to Pam Johnson, a representative of Lockheed Georgia Employees Federal Credit Union, informing them that a bankruptcy petition had been filed on behalf of Plaintiff and therefore Plaintiff was protected by the automatic stay of 11 U.S.C. § 362(a). Ms. Kaiden requested in writing the immediate dismissal of the bank garnishment. Also on February 25th, Ms. Kaiden filed a "Notice of United States Bankruptcy Court Automatic Stay" in the State Court of Cobb County garnishment proceeding.

On February 28, 2005, Mr. Martin faxed a response to Ms. Kaiden thanking her for providing notice of Plaintiff's Chapter 13 petition and informing her that it was his contention that the garnishee is required to hold on to any funds currently in its possession pending the disposition of the

bankruptcy case. Mr. Martin further requested that Ms. Kaiden provide him with legal authority for her position. Reflecting the perceived urgency of the situation, Plaintiff's counsel telephoned counsel for Defendants on several occasions about the need for the release and dismissal of the garnishment action so that Plaintiff could have access to the subject checking account and to the funds contained therein. Counsel for Plaintiff (Kaiden & Kaiden, LLC) had filed a notice of leave of absence informing the Court and opposing counsel that counsel would be out of the country between March 1, 2005 through and including March 14, 2005, due to a scheduled family vacation. This notice was sent to Mr. Martin and he has acknowledged receipt of the notice.

On March 22, 2005, Plaintiff commenced this adversary proceeding by filing a complaint which included three claims against the Defendants: Claim One requested an emergency turnover of property and release of the garnishment that had been placed against Plaintiff's checking account; Claim Two requested damages for Defendants' willful violation of the automatic stay due to the fact that the Defendants failed to immediately release the garnishment upon learning about the filing of the bankruptcy petition; and Claim Three,[1] sought damages due to alleged violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et. seq.*) specifically against Defendant Simpson Law Offices, LLP. Count Three was voluntarily dismissed by Plaintiff on March 29, 2005. The factual allegations of Claims One and Two do not distinguish between the actions of Defendants. Indeed, there is no allegation that Simpson took any action other than in its capacity as counsel to Pep Boys. Defendants are represented by the same attorney (Simpson). Defendants filed a joint answer and all other pleadings have been filed jointly and do not seek to distinguish between the two defendants.

On March 24, 2005, Plaintiff filed an Emergency Motion for Turnover of Property and Release of Checking Account Garnishment. Pursuant to Plaintiff's request for an emergency hearing on the matter, a hearing was held before the undersigned on March 29, 2005. On March 30, 2005, an Order was entered memorializing the oral ruling of the Court which gave Defendants forty-eight hours to dismiss the garnishment or face contempt. Pursuant to the direction of the Court, the Cobb County garnishment action was dismissed on March 29, 2005.

On April 21, 2005, Defendants filed a Motion to Dismiss Pursuant to Fed. R. Bank. P. 7012(b)(6) and included in the supporting materials a Statement of Undisputed Material Facts. Plaintiff filed a timely response and the Court entered an Order which construed Defendants' motion to dismiss as a motion for summary judgment and provided the parties additional time to supplement their pleadings accordingly.

The legal issue before the Court is whether Defendants, by staying but not dismissing or taking any other action pertaining to the pending garnishment against Plaintiff, committed a wilful violation of the automatic stay and, if so, whether Plaintiff has suffered any actual damages.

## STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure, applicable herein by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and ad-

---

**1.** Claim Three contained four separate "Counts" against Defendant Simpson only.

missions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See also, Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Maniccia v. Brown,* 171 F.3d 1364, 1367 (11th Cir. 1999). In reviewing a motion for summary judgment, the court must view the record and all inferences therefrom in a light most favorable to the non-moving party. *See WSB–TV v. Lee,* 842 F.2d 1266, 1270 (11th Cir.1988). "The party seeking summary judgment bears the initial burden to demonstrate to the [trial] court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show an absence of any genuine issue of material fact .... If the movant successfully discharges its burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that there exist genuine issues of material facts." *Hairston v. Gainesville Sun Publ'g Co.,* 9 F.3d 913, 918 (11th Cir.1993), *reh'g denied,* 16 F.3d 1233 (11th Cir.1994). The non-movant may not simply rest on his pleadings, but must show, by reference to affidavits or other evidence, that a material issue of fact remains. Fed.R.Civ.P. 56.

## LEGAL ANALYSIS

The legal issue presented before the Court involves a three part analysis: first, whether Defendants' failure to dismiss a pre-petition bank garnishment violated the automatic stay; second, if a violation is established, whether Defendants' refusal to take any steps to affirmatively release the garnishment constitutes a willful violation as set forth under section 362(h) of the Bankruptcy Code; and third, whether Plaintiff suffered damages as a consequence of the violation. Each element is discussed in turn.

### 1. Violation of the Automatic Stay

The automatic stay goes into effect upon the filing of a bankruptcy petition, prohibiting certain actions against the debtor or property of the bankruptcy estate. 11 U.S.C. § 362(a).

11 U.S.C. § 362(a) provides in pertinent part:

(a) [A] petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of-

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor ...;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate; [and]

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title[.]

11 U.S.C. § 362(a).

Under 11 U.S.C. § 541(a)(1), the commencement of a case under Title 11 creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." In *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), the Supreme Court held that a debtor's estate included property of the debtor that had been seized by a creditor

prior to the filing of a petition for reorganization. *In re Mullarkey,* 81 B.R. 280, 283 (Bankr.D.N.J.1987).

■■■ The automatic stay is designed to provide blanket relief from creditor action against estate property once the bankruptcy case has commenced. The automatic stay is considered "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. New Jersey Dep't. of Environmental Protection,* 474 U.S. 494, 503, 106 S.Ct. 755, 761, 88 L.Ed.2d 859 (1986) (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 54 (1978), U.S.Code Cong. & Admin. News 1978, pp.5787, 5840; H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5963, 6296). Once the creditors have been notified of the automatic stay, the debtor is not required to take any more action to halt the attempts of creditors to collect on pre-petition debt. The automatic stay requires the creditor to cease any steps to begin or maintain any action against the property of the estate. The automatic stay is considered necessary to permit the debtor breathing space so that she may reorganize her affairs. *In re Briskey,* 258 B.R. 473, 477 (Bankr.M.D.Ala.2001).

■■■ The responsibility is placed on the creditor because "to place the onus on the debtor ... to take affirmative legal steps to recover property seized in violation of the automatic stay would subject the debtor to the financial pressures the automatic stay was designed to temporarily abate, and render the breathing spell from his creditors illusory." *In re McCall–Pruitt,* 281 B.R. 910, 912 (Bankr.E.D.Mich.2002) quoting *Ledford v. Tiedge (In re Sams),* 106 B.R. 485, 490 (Bankr.S.D.Ohio.1989). The automatic stay, by halting collections activities outside of the bankruptcy proceedings, allows for the orderly disposition of estate assets among the creditors.

■■■ The act of garnishment falls within the prohibitions of § 362(a) as the continuation of a judicial proceeding prohibited by § 362(a)(1) and the enforcement, against property of the estate, of a judgment obtained before the commencement of the case prohibited by § 362(a)(2). *See In re See,* 301 B.R. 549, 552–53 (Bankr.N.D.Iowa 2003); *In re Briskey,* 258 B.R. 473; *In re Lord,* 270 B.R. 787, 795 (Bankr.M.D.Ga. 1998); *In re Moran,* 112 B.R. 197, 199–200 (Bankr.S.D.Tex.1989) Thus, the continuation of the garnishment is a violation of the automatic stay.

■■■ Defendants argue that by ordering them to release the garnished funds to Plaintiff this Court has ignored the decision by the United States Supreme Court in *Citizens Bank v. Strumpf,* 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995). Defendants assert that the Supreme Court has recognized that a lien holder also has rights to property and that, pursuant to 11 U.S.C. § 553, is entitled to adequate protection under the Bankruptcy Code. However, the creditor simply cannot sit back on its hands when its failure to act results in a stay violation. The Court considers it to be relevant that in *Strumpf,* the creditor filed a motion for relief from the stay and sought permission to effect a setoff within five days of placing the administrative hold on the debtor's account. *Id.* at 18, 116 S.Ct. 286. In this case, from the date Defendants received notice of Plaintiff's bankruptcy (February 25, 2005), through the date of the release of the garnishment, over thirty days had elapsed. Defendants could have brought the matter to the attention of the Court by way of a motion for relief from stay, a motion for adequate protection or a motion to prohibit use of cash collateral. Establishing an affirmative duty to release pre-petition garnishments serves the purpose of the automatic

stay. Garnishors, while having an affirmative duty to release their pre-petition garnishments, may still seek relief from the stay to protect any right to adequate protection.

■ Placing an affirmative duty on pre-petition garnishing creditors is consonant with the application of the automatic stay as to other secured creditors. A creditor's right to adequate protection must be balanced with an orderly administration of a bankruptcy estate. Creditors may protect their interest by seeking relief from the stay. They may not continue to actively or passively assert control indefinitely over estate property once they are notified of the automatic stay. Once given notice, creditors must cease collection activities against the debtor and seek to enforce rights to adequate protection through the courts. Here, the Defendants could have taken measures to protect themselves by immediately seeking relief from the court. By refusing Plaintiff's repeated requests for release of the garnishment and by taking no action of their own, Defendants took the decision-making process into their own hands rather than allowing the court to balance Plaintiff's rights in the property against the Defendants' lien rights.

■ The situation in this case can be analogized to the secured creditor who has a lien on a debtor's vehicle and, prior to the filing of the bankruptcy, has repossessed the vehicle. Upon the filing of the bankruptcy case and receipt of notice, the creditor is in violation of the automatic stay if it does not promptly turn over the vehicle or move the court to prohibit, limit or condition the use of the vehicle under 11 U.S.C. § 363(e). *Rutherford v. Auto Cash, Inc. (In re Rutherford),* 329 B.R. 886, 892 (Bankr.N.D.Ga.2005). The bank account subject to Pep Boys' lien is analogous to the vehicle at issue. The purpose of the automatic stay is to protect the debtor and

to place the burden on the creditor if it is to continue to assert its rights. As Judge Drake noticed in *Rutherford,* "If Congress had intended to permit secured creditors to withhold property of the estate until the bankruptcy court made a determination of adequate protection and ordered turnover, Congress could have provided a specific exception within section 362 for such actions." *Id.* at 893. Defendants' failure to act constitutes a violation of the automatic stay.

### 2. Willful Violation of the Automatic Stay

■ Section 362(h) provides that "[a]n individual injured by any willful violation of stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." An act is deemed to be a willful violation under 362(h) if the defendant knew of the automatic stay, and intentionally committed the act regardless of whether the violator specifically intended to violate the stay. *Jove Eng'g v. IRS,* 92 F.3d 1539, 1555 (11th Cir.1996). The defendant must have actual notice of the stay for the violation to be willful. *See, e.g., In re O'Connor,* 42 B.R. 390 (Bankr.E.D.Ark. 1984) (garnishment not willful where creditor had no actual notice). However, proof of the defendant's intent to violate the stay is not required, only the defendant's intent to act must be shown. This intent to act can be shown where the defendant, after notice, fails to affirmatively halt actions that will violate the stay. *See, e.g., Associated Credit Servs. v. Campion (In re Campion),* 294 B.R. 313 (9th Cir. BAP 2003) (automatic stay willfully violated where computer garnishment of wages not prevented). A willful violation of the automatic stay may be found if the creditor knew of the automatic stay and its actions

were intentional. *In re Esposito*, 154 B.R. 1011, 1014 (Bankr.N.D.Ga.1993) (citing *In re Bloom*, 875 F.2d 224 (9th Cir.1989)).

 When a creditor receives actual notice of the filing of a case, the burden is on the creditor to ensure that the automatic stay is not violated. *Mitchell Constr. Co. v. Smith (In re Smith)*, 180 B.R. 311, 319 (Bankr.N.D.Ga.1995). In this case, the Court concludes that Defendants committed a willful violation of the automatic stay. Defendants had knowledge of the stay as they were notified in writing the day after Plaintiff had filed her Chapter 13 case. While Defendants took a legal position that the stay did not apply in its communications with Plaintiff's counsel, Defendants did not seek confirmation of that position from the Court, but instead placed the burden on the Plaintiff to confirm their position.

Similar fact patterns have been found sufficient to support automatic stay violations. In *In re Klein*, 226 B.R. 542 (Bankr.D.N.J.1998), the Court found it to be a willful violation of the automatic stay when a judgment creditor failed to release a pre-petition restraint on bank accounts belonging to a Chapter 13 debtor after the debtor had made it known to the creditor that he was in bankruptcy. In *Klein*, a judgment creditor placed a restraint upon three bank accounts owned by the debtor Klein. Klein filed bankruptcy later the same day, and on the following day served notice to the judgment creditor to release the restraint placed on the three bank accounts. After the judgment creditor refused, Klein sent a letter to the creditor threatening an action for willful violation of the automatic stay. After the creditor continued to refuse to release the restraint placed upon the bank accounts, Klein filed a motion for willful violation of the automatic stay. After a hearing on the matter, the Court had found that the bank accounts were property of the estate and the creditor willfully violated the automatic stay by failing to release the restraint placed upon the accounts. As a result, the Court awarded Klein reasonable attorney fees. The reported decision expounds upon the court's justification of the fees awarded and articulates why punitive damages were not warranted in that instance.

Recently reported opinions from the Bankruptcy Court in the Eastern District of New York reach the same conclusion. In *In re Parry*, 328 B.R. 655 (Bankr. E.D.N.Y.2005), *In re Wright*, 328 B.R. 660 (Bankr.E.D.N.Y.2005) and *In re Henry*, 328 B.R. 664 (Bankr.E.D.N.Y.2005), the Court reached the conclusion that a creditor's month-long refusal to remove a lien which had been imposed pre-petition on checking accounts owned by Chapter 13 debtors constituted a willful violation of the automatic stay.

 Where a garnishment lien holder has notice of the automatic stay, courts have consistently found that a creditor willfully violates the stay by failing to release that garnishment. While most reported decisions address situations where violators continue a garnishment against a debtor's wages (*see In re Briskey*, 258 B.R. 473 (Bankr.M.D.Ala.2001), *In re Elder*, 12 B.R. 491 (Bankr.M.D.Ga.1981)), this Court concludes that the same principles apply to the specific facts of this case. Whether a creditor believes that the automatic stay is inapplicable to its pre-petition garnishment is irrelevant. *See In re Mims*, 209 B.R. 746 (Bankr.M.D.Fla.1997) (willful violation found where defendant failed to release bank garnishment; court imposed sanctions on defendant creditor); *In re Suarez*, 149 B.R. 193 (Bankr.D.N.M. 1993) (creditor's good faith belief that it had rights to property not relevant to willfulness of its actions). However, a court may decline to penalize a creditor where

the pre-petition garnishment issue is a novel one before the court. *In re Dennis*, 17 B.R. 558, 561 (Bankr.M.D.Ga.1982).

### 3. Damages

 If an individual is injured by a willful violation of the automatic stay, she is entitled to "actual damages, including costs and attorneys' fees." 11 U.S.C. § 362(h). When damages are sought under § 362(h) for violation of the automatic stay, the party seeking damages bears the burden of proof. *Lamar v. Mitsubishi Motors Credit of Am., Inc. (In re Lamar)*, 249 B.R. 822, 825 (Bankr.S.D.Ga.2000). By definition, "actual damages" are "real, substantial and just damages, or the amount awarded to a complainant in compensation for his actual and real loss or injury, as opposed to 'nominal' damages and 'punitive' damages." *McMillian v. FDIC*, 81 F.3d 1041, 1054 (11th Cir.1996) (quoting Black's Law Dictionary (6th Ed.1991)). If the willful violation has a de minimis impact on the debtor, a court may limit damage awards under § 362(h) to reasonable attorney fees expended. *See In re Burrell* 1998 WL 411287 (Bankr. E.D.Va.1998) at *6.

 Punitive damages are authorized under § 362(h), but only in "appropriate circumstances." "[E]gregious, intentional misconduct on the violator's part is necessary to support a punitive damages award." *In re Ketelsen*, 880 F.2d 990, 993 (8th Cir.1989). An additional finding of maliciousness or bad faith warrants punitive damages. *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1105 (2d Cir. 1990). Other courts have assessed punitive damages if the violation manifested an "arrogant defiance of federal law," without regard to any harm suffered by the debtor. *See In re Mullarkey*, 81 B.R. 280, 284 (quoting *In re Tel–A–Communications Consultants, Inc.*, 50 B.R. 250

(Bankr.D.Conn.1985))(awarding punitive damages against creditor's attorney for failing to ask for relief from stay and proceeding with sheriff's sale).

 The imposition of punitive damages for a violation of the automatic stay is appropriate when the violator acts in an egregious intentional manner. *In re Hedetneimi*, 297 B.R. 837, 843 (Bankr. M.D.Fla.2003) citing *In re Rivers*, 160 B.R. 391, 394 (Bankr.M.D.Fla.1993). Courts have held that punitive damages are authorized in situations where a violator's acts are egregious, malicious, or accompanied by bad faith. *Cox v. Billy Pounds Motors (In re Cox)*, 214 B.R. 635, 645 (Bankr.N.D.Ala.1997). In determining whether circumstances exist for an award of punitive damages under § 362(h), Courts rely on a variation of the following factors: (1) the nature of the defendant's conduct; (2) the nature and extent of the harm to the plaintiff; (3) the defendant's ability to pay; (4) the motives of the defendant; and (5) any provocation by the debtor. *See In re Wagner*, 74 B.R. 898, 905 (Bankr.E.D.Pa.1987); *Heghmann v. Indorf (In re Heghmann)*, 316 B.R. 395, 405–406 (1st Cir. BAP 2004); *Keen v. Premium Asset Recovery Corp. (In re Keen)*, 301 B.R. 749, 755 (Bankr.S.D.Fla.2003); *Bishop v. U.S. Bank/Firstar Bank, N.A. (In re Bishop)*, 296 B.R. 890, 898 (Bankr.S.D.Ga. 2003).

 As noted above, most of the cases involving garnishments and stay violations arise in the context of wage garnishments where the continuing nature of the garnishment will impact post-petition property as to which the garnishing creditor has no lien rights. In the context of the garnishment of a bank account, the creditor has a lien on property of the estate which constitutes cash collateral. While the lien may be avoidable (as was the lien held by Pep Boys in this case), until the Debtor

successfully avoids the lien, the Creditor may seek to limit the use of the collateral in accordance with Section 363(e). In this case, the record does not suggest that the actions by Defendants were egregious, vindictive, malicious, or accompanied by bad faith. Additionally, this is a matter that has not been before this Court previously, and there are reported decisions that could be construed as providing for a justification for Defendants' actions. Therefore, this Court does not find it appropriate to award punitive damages. Instead, this Court finds that an award of actual damages only appropriate under 11 U.S.C. § 362(h). Accordingly, it is

**ORDERED** that Defendants' Motion for Summary Judgment is hereby **DENIED** and Plaintiff's Cross–Motion for Summary Judgment is hereby **GRANTED**.

**IT IS FURTHER ORDERED AND NOTICE IS GIVEN** that an evidentiary hearing on the amount actual damages suffered by Plaintiff shall be held before the undersigned on **February 3, 2006 at 11:00 a.m., in Courtroom 1201, United States Bankruptcy Court, 75 Spring Street SW., Atlanta, Georgia 30303.** The parties are directed to submit an original and two copies of any exhibits to be used at the hearing to the Courtroom Deputy no later than three (3) days in advance of the hearing.

**IT IS SO ORDERED.**